[Crim. No. 12474.   Second Dist., Div. Two.   June 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOSE MORENO ANNETT, Defendant and Appellant.

Jose Moreno Annett, in pro. per., and Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was charged in two separate informations with possession of heroin (violation of Health & Saf. Code, § 11500) (hereafter count I) and possession of heroin for sale (violation of Health & Saf. Code, § 11500.5) (hereafter count II).[1] Two prior felony convictions were also alleged.

The charges against appellant were consolidated into a single information in two counts, and appellant pleaded not guilty and denied his priors. On motion of the People, the second prior was stricken as to count II. Appellant waived jury trial on count II only and by stipulation, the cause was submitted for decision by the trial court on the preliminary hearing transcript.

Appellant was found guilty of possession of heroin for sale, count II. After motion for new trial, which was denied, the court reduced the conviction to simple possession, violation of section 11500. The prior conviction was found true, and count I of the information was dismissed.

The matter was referred to the Department of Corrections to review for diagnosis and treatment under Penal Code, sec-

---

[1] The information charged that the offenses took place ''at and in the county of Los Angeles, State of California.''

tion 1203.03. Appellant was refused for examination and sentenced to state prison, sentence to run concurrently with time owing on parole.

At approximately 10 p.m. on the evening of September 25, 1965, appellant was arrested by Officer MacMillan of the Los Angeles Police Department while seated in a railroad car in the City of Alhambra, Los Angeles County, pursuant to a warrant charging violation of Health and Safety Code, section 11500, possession of heroin.

Officer MacMillan searched appellant's person and found a brown paper bag in appellant's right jacket pocket which contained four condoms and two balloons, each containing a white powder. In appellant's left jacket pocket, the officer found an eye dropper, hypodermic needle, and spoon. Chemical analysis indicated the condoms and balloons contained 31.2 grams of heroin and the spoon, heroin residue.

Court-appointed counsel on behalf of appellant urges that the information was insufficient in failing to charge that the offenses were committed on a railroad train.

Appellant, in pro. per., contends he was denied a fair trial since he was not provided with an interpreter at trial and he does not intelligently speak or understand English.

Section 783 of the Penal Code provides that an offense committed on a railroad train may be prosecuted in any court of competent jurisdiction through which the train passes. It is clear that an information ". . . need go no further in particularizing the place than to allege the county in which the crime was committed." (*People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692]; see also *People* v. *Geiger,* 116 Cal. 440, 442 [48 P. 389]; *People* v. *Webber,* 133 Cal. 623, 624 [66 P. 38].)

Where the information clearly charges commission of an offense in a particular county, it is immaterial that venue might also have been laid in another county under section 783. (*People* v. *Fellows,* 63 Cal.App. 557, 559 [219 P. 80].) Appellant does not deny he was apprised with certainty of the nature of the offense and the place of its commission. There is no requirement that the information allege commission on board a train.

Appellant's point that he does not intelligently speak or understand English and that his attorney did not speak Spanish at time of trial is more vital. Appellant states his "trial was completed before he knew it had began [*sic*]."

In his pro. per. brief appellant states that after the trial was over appellant wrote to the trial judge calling attention

to the court's omission to appoint an interpreter. On our own motion we have augmented the record with the superior court file. It shows appellant's letter to the trial judge which was in pertinent part as follows:

"On March 7th I was before your Honorable court tho I was not aware I was being tried by transcrept. Being that my attorney, Mr. Frank Duncan, advised me an interpreter was not necessary. Seeing that I was facing a procedure completely different in comparison to a court trial."

The letter concluded with a request, granted by the court, that appellant be supplied with an interpreter on future court appearances. He thereafter had an interpreter at the arraignment for judgment and at the sentencing hearing.

The preliminary transcript upon which the trial was had shows that appellant was provided with a Spanish-English interpreter. At trial, when appellant was personally asked about and waived his right to a jury trial, and personally agreed to submit on the transcript (giving up his right to have witnesses personally appear and be subject to cross-examination), no interpreter was present. Appellant did not request one, apparently for the reason assigned in his letter which is quoted above.

▮ When a defendant does not understand the English language, it is obvious that he cannot make a knowing waiver of his constitutional rights without translation into a language he does understand. ▮ Waiver of the right to a jury trial must be verbally expressed by a defendant himself, and will not be implied from his conduct. (*People* v. *Holmes*, 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583], and the numerous citations therein.) The purpose of this rule is to remove the need for speculation and determination from "implication" whether a defendant has in fact waived a constitutionally protected right.

▮ A defendant who is not able to communicate in the English language is entitled to an interpreter at his trial. ▮ It is made clear in *People* v. *Estany*, 210 Cal.App.2d 609, 611 [26 Cal.Rptr. 757], however, "The question of the necessity of an interpreter, as distinguished from the question of whether one should be appointed when the necessity is clear, is a matter for judicial determination over which the trial court is permitted to exercise its discretion. (*People* v. *Holtzclaw*, 76 Cal.App. 168 [243 P. 894]; *In re Steve*, 73 Cal.App.2d 697, 714 [167 P.2d 243].)"

▮ Failure of a trial court to appoint an interpreter for a

defendant who has requested one, or whose conduct has made it obvious to the court that he is unable because of linguistic difficulties knowingly to participate in waiving his rights, is "fundamentally unfair" and requires reversal of a conviction. (See *People* v. *Bostick*, 62 Cal.2d 820, 824 [44 Cal.Rptr. 649, 402 P.2d 529]; *People* v. *Montoya*, 235 Cal.App.2d 789, 796 [45 Cal.Rptr. 572].)

The record in the instant case demonstrates not only that appellant was cognizant of what was being said to him, and what he was doing, but also that he was aware at the time his trial began that he could have an interpreter on simple request. Appellant's letter to the trial court, quoted in part above, begins as follows:

"Your Honor,

"In respect to my case #205383, I wish to inform you that I do not understand the English language properly and much less court procedures.

"Under these circumstances, *always when I have gone before a court as a rule I have had to solicit the services of an interpreter.*" (Italics added.)

Further, the following exchange at trial supports the conclusion that an interpreter was not a necessity for appellant, but rather a mere convenience:

". . .: Now, Mr. Annett, you're charged in consolidated Information Number 312041 in Count II thereof with the violation of Section 11500.5 of the Health and Safety Code, possesison of marijuana [*sic*] for the purpose of sale. Do you understand that, sir? THE DEFENDANT: Yes. MR. KOLTS: You understand that you are entitled as a matter of right to have your case tried by a jury? THE DEFENDANT: Yes. MR. KOLTS: And you may, if you wish, give up your right to a trial by jury and have his Honor, Judge Roberts, sitting without a jury decide it? THE DEFENDANT: Yes. MR. KOLTS: Is that what you want to do, have the Judge decide your case? THE DEFENDANT: Yes. MR. KOLTS: Counsel joins in the waiver? MR. DUNCAN: I do join in the waiver. MR. KOLTS: The people join in the waiver, your Honor. THE COURT: I will accept the waiver. MR. KOLTS: Now, Mr. Annett, your counsel has stated that it is your wish to submit Count II of this consolidated information, that is the possession for sale, on the testimony taken at the time of your preliminary hearing. Now, do you remember having a preliminary hearing? THE DEFENDANT: Yes, sir. MR. KOLTS: You remember a court reporter took down the testimony? THE DEFENDANT: Yes, sir. MR. KOLTS: And a book-

let was prepared of those questions and answers? THE DFEND-
ANT: Yes, sir. MR. KOLTS: You have seen the booklet that your
attorney has here. Now, is it your desire that Judge Roberts
read the testimony taken at that time for the purpose of decid-
ing your case? THE DEFENDANT: Yes, sir. MR. KOLTS: You
understand further that you are giving up your right to have
the witnesses personally appear in court and that your case
will be decided on the testimony given at an earlier time? THE
DEFENDANT: Yes, sir. MR. KOLTS: All right. It is further
charged against you that you were previously convicted of a
narcotic offense, a felony offense. THE DEFENDANT: Yes, sir.
MR. KOLTS: Is it your wish to give up your right to trial by
jury in that regard, sir? THE DEFENDANT: Yes, sir.''

Pursuant to appellant's letter the trial judge did appoint
an interpreter when appellant was arraigned for judgment.
At that time the court asked, and appellant responded, as
follows:

''THE COURT: State your Name. THE INTERPRETER: Gregory
Cabrera. C-a-b-r-e-r-a. THE COURT: Mr. Annett, is it agreeable
with you if Mr. Duncan represents you in the proceedings
today? THE DEFENDANT: (Through the Interpreter:) Yes.
But before I would like to have the opportunity to be aware of
which are the charges that the Court has found me guilty
of.''

Formal arraignment was thereupon waived. Appellant
moved for a new trial and made no point of his inability to
speak or understand English; the motion for new trial was
denied—appellant found guilty of a lesser included offense.

The court's failure to grant a new trial or reopen the in-
stant proceedings, by this time being well aware of appel-
lant's facility, or lack of it, in the English language, is tanta-
mount to the exercise of his discretion in determining that no
*necessity* for an interpreter had been shown. We can find no
prejudice to appellant in the manner in which his trial was
conducted.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied July 3, 1967, and
appellant's petition for a hearing by the Supreme Court was
denied September 13, 1967. Peters, J., was of the opinion
that the petition should be granted.