[Civ. No. 36574. First Dist., Div. One. June 23, 1976.]

EUSEBIA GARDIANA et al., Plaintiffs and Appellants, v.
THE SMALL CLAIMS COURT FOR THE SAN LEANDRO-
HAYWARD JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Appellant;
COUNTY OF ALAMEDA, Real Party in Interest and Appellant.

414

## Counsel

Ronni Jackl, Clifford Sweet and Scott Noble for Plaintiffs and Appellants.

Richard J. Moore, County Counsel, Paul M. Loya and Neal Snyder, Deputy County Counsel, for Defendant and Appellant and for Real Party in Interest and Appellant.

## OPINION

**BRAY, J.***—Plaintiffs Eusebia Gardiana and Jesus Gardiana appeal from certain portions of the judgment of the Alameda County Superior Court. Real party in interest County of Alameda and respondent the Small Claims Court of the San Leandro-Hayward Judicial District appeal from the judgment.

### ISSUES PRESENTED

1. The court did not err in authorizing the use of volunteer interpreters.

2. There is no substantive evidence to support finding of fact 14.

3. Respondent small claims court has the inherent power to appoint an interpreter free of charge to non-English-speaking litigants.

4. The judgment improperly grants relief to all non-English-speaking litigants.

### RECORD

Plaintiffs Eusebia and Jesus Gardiana filed a petition for writ of mandamus on behalf of themselves and all others similarly situated seeking to compel respondent Small Claims Court of the San Leandro-Hayward Judicial District (hereinafter respondent Small Claims Court) to appoint a qualified interpreter for plaintiffs in the trial of their action then pending in said court without charge to plaintiffs, and to appoint without charge qualified interpreters for members of the class represented by plaintiffs. Thereafter respondents Small Claims Court and the County of Alameda filed a demurrer to the complaint. It was overruled. Respondents then filed a return and answer. After a hearing had on the petition, the court made findings of fact and entered judgment. All parties appealed.

### FACTS

This proceeding grew out of a suit in respondent Small Claims Court brought by one Encarnacion Rodriquez against the plaintiffs for

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

damages. Both plaintiffs are indigent and do not speak or understand the English language. Plaintiffs moved respondent Small Claims Court for an order appointing an interpreter at no cost to them. The court denied the motion solely on the ground that it had no inherent or statutory power to appoint an interpreter at the expense of the county or any other governmental entity. Thereafter plaintiffs filed a petition for a writ of mandamus on behalf of themselves and all others similarly situated. The class they represent is comprised of all persons who are or will be defendants in actions pending in respondent Small Claims Court, who speak only Spanish and are incapable of understanding the English language, and who, like plaintiffs, are indigent and entitled to sue in forma pauperis. The petition alleges that they were sued in the respondent Small Claims Court and were unable to obtain an interpreter and that the court did not have interpreters on its staff. The petition further alleges that the plaintiffs then filed with respondent Small Claims Court a motion for an order appointing an interpreter and permitting plaintiffs to proceed in forma pauperis. The court denied the motion on the ground that it had no inherent or statutory authority to appoint an interpreter at the expense of the county or any other governmental authority.

The superior court issued an alternative writ of mandamus staying the trial of plaintiffs' small claims action. The judge who was presiding over the action filed a declaration which stated that it was the practice of the court in cases involving parties who cannot speak English to accept the voluntary services of individuals from the community to translate for such parties and that he would have arranged for such a public-spirited individual to interpret had the proceeding not been stayed by the writ.

The superior court made findings of fact to the effect that the policy and practice of respondent Small Claims Court with regard to the securing of interpreters for litigants who do not speak English is not to appoint qualified interpreters under Evidence Code sections 730, 731 and 752, but is to utilize the services of a relative, friend or other person appearing with the litigant without further inquiry into the person's qualifications. When a litigant does not appear with a person to interpret for him, the court inquires as to whether the litigant can secure the services of a volunteer interpreter. If he is unable to do so the court attempts informally to secure the volunteer services of individuals from the community. In such cases no independent inquiry is made regarding the qualifications of such person. The court does not fix or in any manner provide compensation for persons rendering interpretive services.

The court then concluded as a matter of law that plaintiffs and other members of their class are entitled as a matter of right, free of charge, to be provided with a qualified interpreter. The fee of a qualified interpreter is a necessary litigation cost which the court is required to provide under its inherent common law power to allow indigent litigants to proceed in forma pauperis where the court has been unable to secure the voluntary services of an interpreter or where the utilization of a voluntary interpreter would result in undue delay or prejudice to the litigant.

Thereupon the court issued its peremptory writ of mandamus directing respondent Small Claims Court, whenever it appears that an interpreter is necessary, to provide qualified interpreters free of charge to litigants in small claims proceedings who do not understand English; to conduct an independent inquiry to insure that the interpreter is qualified and competent; to direct the interpreter to make truthful and accurate interpretation of all testimony; to require that the interpreter affirm, under oath, that he or she will perform the duties required. The judgment further requires that respondent Small Claims Court appoint an interpreter and fix the compensation under the procedures set forth in Evidence Code sections 730 and 731 in all cases where the utilization of a volunteer will result in undue delay or prejudice to the litigant, a requirement that the litigant be made to bear the burden of securing such person, the failure to meet the obligations set forth in the judgment; and orders that compensation for interpreters be made in accordance with section 68091 of the Government Code and that such compensation be paid from the county treasury of Alameda County upon warrants drawn by the county auditor.

1. ▇▇▇ The court did not err in authorizing the use of volunteer interpreters.

It is useful to first review the nature of a small claims court. "It is apparent that such a court was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the

presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings." (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573-574 [110 P.2d 1025].)

Plaintiffs' appeal is only from that portion of the judgment which permits or authorizes respondent Small Claims Court to fulfill its obligation to provide interpreters for small claims litigants by formally or informally securing the voluntary services of private ·citizens or the services of a court officer or government employee other than a person specifically employed as an interpreter under the provisions of Government Code section 26806.

They contend that the California statutes provide only two methods for the appointment of interpreters and that the court does not have the discretion to deviate from these procedures and informally secure the voluntary and gratuitous services of private citizens or government employees. The two procedures to which they refer are described in Evidence Code section 752 and in Government Code section 26806.

Section 752 of the Evidence Code provides: "(a) When a witness is incapable of hearing or understanding the English language or is incapable of expressing himself in the English language so as to be understood directly by counsel, court, and jury, an interpreter whom he can understand and who can understand him shall be sworn to interpret for him. [¶] (b) The interpreter may be appointed and compensated as provided in Article 2 (commencing with· Section 730) of Chapter 3."

■ "The question whether an interpreter shall be called for the purpose of rendering the testimony of a witness who does not understand the English language rests in the discretion of the trial court." (*People* v. *Holtzclaw* (1926) 76 Cal.App. 168, 173 [243 P. 894].) "[T]he court is required to appoint an interpreter in those cases only where the witness does not understand or speak the English language. The question is one for the judicial determination of the court, and its ruling will not be disturbed unless the record clearly discloses an abuse of discretion, . . ." (*Hilbert* v. *Kundicoff* (1928) 204 Cal. 485, 487-488 [268 P. 905]). ■ Where there is uncontradicted evidence that the witness does not speak or understand English, it would be an abuse of discretion

to fail to appoint an interpreter. (See *People v. Annett* (1967) 251 Cal.App.2d 858, 861 [59 Cal.Rptr. 888]; *People v. Avila* (1920) 50 Cal.App. 228 [194 P. 768], disapproved on other grounds in *People v. Burton* (1961) 55 Cal.2d 328, 352 [11 Cal.Rptr. 65, 359 P.2d 433].)

■ Subdivision (b) of section 752 of the Evidence Code provides that "The interpreter may be appointed and compensated as provided in Article 2 (commencing with Section 730) of Chapter 3." Section 730 of the Evidence Code provides: "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which such expert evidence is or may be required. The court may fix the compensation for such services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at such amount as seems reasonable to the court."

Section 731, subdivision (c), of the Evidence Code provides: "Except as otherwise provided in this section, in all civil actions, the compensation fixed under Section 730 shall, in the first instance, be apportioned and charged to the several parties in such proportion as the court may determine and may thereafter be taxed and allowed in like manner as other costs."

In addition, Government Code section 26806 provides in part: "(a) In counties having a population of 900,000 or over, the county clerk may employ as many foreign language interpreters as may be necessary to interpret in criminal cases in the superior, municipal, and justice courts, and in the juvenile court within the county and to translate documents intended for filing in any civil or criminal action or proceeding or for recordation in the county recorder's office. [¶] (b) The county clerk, as clerk of the superior court, shall, when interpreters are needed, assign the interpreters so employed to interpret in criminal and juvenile cases in the superior court. When their services are needed, he shall also assign interpreters so employed to interpret in criminal cases in municipal and justice courts. [¶] (c) The county clerk may also assign the interpreters so employed to interpret in civil cases in superior, municipal, and justice courts when their services are not required in criminal or juvenile cases and when so assigned, they shall collect from the litigants the fee fixed by the court and shall deposit the same in the county treasury."

Plaintiffs contend that section 752, subdivision (b), requires that the court compensate all interpreters which it appoints. That subdivision, however, states that the interpreter "*may* be appointed and compensated as provided in Article 2 (commencing with Section 730) of Chapter 3." (Italics added.) It is concluded that the use of the word "may" rather than "shall" indicates that appointment and compensation in accordance with section 730 is permissive rather than mandatory. (Evid. Code, § 11.)

Plaintiffs note that the comment of the Law Revision Commission following section 752 states that "Section 752 restates the substance of and supersedes Section 1884 of the Code of Civil Procedure. . . . [¶] Subdivision (b) of Section 752 substitutes for the detailed language in Code of Civil Procedure Section 1884 a reference to the general authority of a court to appoint expert witnesses, since interpreters are treated as expert witnesses and subject to the same rules of competency and examination as are experts generally. The existing procedure provided by Code of Civil Procedure Section 1884 does not insure that an interpreter who is required to testify will be paid reasonable compensation for his services. Section 752 corrects this deficiency in the existing law." (Evid. Code (West's Ann.) § 752, com., pp. 76-77; Deering's, § 752, com., pp. 565-566.)

It appears that section 752 does not proscribe the use of voluntary, uncompensated interpreters but that the legislative intent is that when the court makes use of a nonvolunteer the court "*may* fix the compensation for such services . . . at such amount as seems reasonable to the court." (Evid. Code, § 730; italics added.) Again it is noted that the word "may" is used rather than "shall," indicating that the fixing of compensation is permissive rather than mandatory.

It is further concluded that where the court is able to obtain the services of qualified interpreters who are willing to donate their services to the court, the use of such persons in small claims proceedings would be entirely in keeping with the purpose and functioning of the small claims court.

Plaintiffs express the fear that unless an interpreter is financially compensated for his services, he will be reluctant and resentful. There is nothing in the court's order, however, to suggest that the small claims court is to secure "volunteers" by force. It would be most unfortunate if, in view of the informality of small claims court's procedures, the court in every instance should have to pay an interpreter.

2. ■ There is no substantial evidence to support finding of fact 14.

Finding of fact 14 finds that respondent Small Claims Court will not appoint qualified interpreters under Evidence Code sections 730, 731 and 752; that the court will not make inquiry into the qualifications of volunteer interpreters; and that no independent inquiry is made regarding the qualifications of volunteer interpreters.

Respondents objected below to this finding.

Insofar as the finding states that it is the practice of respondent Small Claims Court to fail to inquire into the qualifications of the persons whom it appoints to act as interpreters for litigants appearing before it, the finding is unsupported by any evidence. However, it does not follow that the judgment must be reversed.

Respondent Small Claims Court denied plaintiffs' motion to appoint an interpreter free of charge because it believed that it lacked the authority to do so. This was the issue before the superior court and any findings made outside this issue are nugatory and may be disregarded. (*Crescent Lumber Co.* v. *Larson* (1913) 166 Cal. 168, 171 [135 P. 502]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 335, p. 3137.)

3. ■ Respondent Small Claims Court has the inherent power to appoint an interpreter free of charge to non-English-speaking litigants.

The usual means by which interpreters are compensated is set forth in the Evidence Code. Section 752, subdivision (b), provides that "The interpreter may be appointed and compensated as provided in Article 2 (commencing with Section 730) of Chapter 3." Section 730 which provides for the appointment of experts by the court states in part that "The court may fix the compensation for such services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at such amount as seems reasonable to the court." Section 731, subdivision (c), states: "Except as otherwise provided in this section, in all civil actions, the compensation fixed under Section 730 shall, in the first instance, be apportioned and charged to the several parties in such proportion as the court may determine and may thereafter be taxed and allowed in like manner as other costs."[1]

---

[1]It is noted that Government Code section 68090 provides. "Except as otherwise provided by law. interpreters' and translators' fees . . . for attendance at court shall not exceed fifty dollars ($50) a day or thirty-five dollars ($35) for one-half day."

Thus, the compensation received by an interpreter in most civil cases is treated by statute as an expense of litigation or a "cost" rather than a "fee." ■ "Costs include all those expenses of litigation which one party has to pay to the other. They must be carefully distinguished from 'fees' which have to be paid by a litigant to the officers of the court." (Goodhart, *Costs,* 38 Yale L.J. 849; see also *County of Sutter* v. *Superior Court* (1966) 244 Cal.App.2d 770, 772, fn. 2 [53 Cal.Rptr. 424].) ■ Respondents contend that this distinction is critical to the determination of this appeal.

In *Martin* v. *Superior Court* (1917) 176 Cal. 289 [168 P. 135], it was held that the trial courts of this state have the inherent power to permit an indigent civil litigant to sue in forma pauperis. "Subsequent California cases have followed *Martin* to the extent of recognizing an inherent power in the trial courts to waive various fees and costs on behalf of indigent litigants in civil actions. (See *Isrin* v. *Superior Court,* 63 Cal.2d 153 [45 Cal.Rptr. 320, 403 P.2d 728] (jury fees); *Majors* v. *Superior Court of Alameda Co.,* 181 Cal. 270, 276 [184 P. 18, 6 A.L.R. 1274] (jury fees); *Roberts* v. *Superior Court,* 264 Cal.App.2d 235, 241 [70 Cal.Rptr. 226] (bond on appeal to superior court); *Bank of America* v. *Superior Court,* 255 Cal.App.2d 575 [63 Cal.Rptr. 366] (cost bond); *County of Sutter* v. *Superior Court,* 244 Cal.App.2d 770, 775 [53 Cal.Rptr. 424] (cost bond); see also *Fuller* v. *State of California,* 1 Cal.App.3d 664 [82 Cal.Rptr. 78] (denying waver [*sic*] of cost bond on technical grounds); 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 215 et seq., pp. 1073-1078.)" (*Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 653 [94 Cal.Rptr. 398, 484 P.2d 70].)

In *Ferguson* v. *Keays, supra,* 4 Cal.3d 649, the court held that the Courts of Appeal and the Supreme Court possess the inherent power to permit indigent civil litigants to seek appellate relief without the payment of the statutory filing fee. The decision specifically states, however, that the court was "not faced with the question whether indigents must be given funds by the county or some other source in order to pay transcript fees, publication costs, or other similar third-party charges." (At p. 654.) That appears to be the issue before this court.

Respondents contend that the court lacks the power to appoint an interpreter for an indigent litigant and charge the interpreter's fee to the county.

Independently of statute, every court has the "inherent power to swear interpreters whenever such a course is necessary to the due administration of justice." (*People* v. *Walker* (1924) 69 Cal.App. 475, 486 [231 P. 572].) Although it has been concluded above that the court may use the services of uncompensated volunteers who are qualified to act as interpreters in legal proceedings, it is conceivable that the court may not be able to secure the services of such persons. Respondents' position appears to be that in situations where the court cannot secure the services of a volunteer to interpret for an indigent non-English-speaking litigant, the case will have to proceed without any interpreter at all. The court would then find itself in the position of having to conduct a judicial proceeding in which no communication was possible with a litigant. As to litigants such as plaintiffs who are summoned to appear as defendants before a judicial tribunal whose proceedings are conducted in a language they can neither speak nor understand, these proceedings would be meaningless at best.

"The common method of conducting all court proceedings is by the use of language." (*People* v. *Pechar* (1955) 130 Cal.App.2d 616, 618 [279 P.2d 570].) Although the small claims court functions successfully without lawyers, pleadings, legal rules of evidence, juries, and formal findings, it cannot function without the use of language.

In addition, the statutory mandate is clear: "When a witness is incapable of hearing or understanding the English language or is incapable of expressing himself in the English language so as to be understood directly by counsel, court, and jury, an interpreter whom he can understand and who can understand him *shall* be sworn to interpret for him." (Evid. Code, § 752, subd. (a); italics added.) The court is *required* to appoint an interpreter in those cases where the witness does not understand or speak the English language. (*Hilbert* v. *Kundicoff,* supra, 204 Cal. 485 at pp. 487-488.)

The result of respondents' contentions is that where a litigant is indigent and proceeding in forma pauperis, the court must abdicate its duty to appoint an interpreter when it cannot obtain a volunteer, even though it has determined that an interpreter is required.

The duty of the court to appoint an interpreter when it determines that the circumstances require the appointment of an interpreter in addition to the inherent power of the court to appoint an interpreter whenever

such a course is necessary to the due administration of justice (*People* v. *Walker, supra,* 69 Cal.App. 475 at p. 486) directs the conclusion that the court has inherent power to appoint an interpreter free of charge to an indigent civil litigant. A conclusion to the contrary would have "the practical effect of restricting an indigent's access to the courts because of his poverty [and would contravene] the fundamental notions of equality and fairness which since the earliest days of the common law have found expression in the right to proceed in forma pauperis." (*Isrin* v. *Superior Court* (1965) 63 Cal.2d 153, 165 [45 Cal.Rptr. 320, 403 P.2d 728].)

Although subdivision (a) of Evidence Code section 752, which requires the court to appoint an interpreter when a witness does not speak or understand the English language, is mandatory, subdivision (b) of section 752, which states that the interpreter may be appointed and compensated as are court-appointed expert witnesses, is discretionary. Thus, the statutes do not mandate that interpreters be compensated in a certain way. It follows that in the absence of any legislative directive to the contrary, the court has the power to order that the interpreter be paid with public funds. As was stated in *Millholen* v. *Riley* (1930) 211 Cal. 29, 31 [293 P. 69], "in the absence of any enactment to the contrary, the duty to function includes by implication of law the power to properly apply the funds appropriated for that purpose."

The law is well established that a litigant in a civil action is not entitled to a transcript on appeal at public expense. (*Rucker* v. *Superior Court* (1930) 104 Cal.App. 683, 685-686 [286 P. 732]; see also *Ferguson* v. *Keays, supra,* 4 Cal.3d 649 at p. 654; *Agnew* v. *Contractors Safety Assn.* (1963) 216 Cal.App.2d 154, 156 [30 Cal.Rptr. 690].) It is concluded, however, that this rule does not apply by analogy to the instant case. Government Code section 69953 is mandatory in its terms and provides: "In civil cases the fees for reporting and for all other transcriptions ordered by the court to be made shall be paid by the parties in equal proportion; and either party at his option may pay the whole. In either case, all amounts so paid by the party to whom costs are awarded shall be taxed as costs in the case. The fees for transcripts and copies ordered by the parties shall be paid by the party ordering them. No reporter shall perform any service in a civil action other than transcriptions until his fee for it has been deposited with the clerk of the court or with the reporter." In addition, the leading case, *Rucker* v. *Superior Court, supra,* at page 686, noted that the appellants therein had the alternative of preparing a bill of exceptions without the expense of reporter's transcript.

In *Hunt* v. *Hackett* (1973) 36 Cal.App.3d 134 [111 Cal.Rptr. 456], the appellants, litigants in a civil action, argued that the trial court erred in failing to appoint counsel for them because they were indigent. The appellate court refused to find the trial court in error, noting that the appellants did not contend that there was a miscarriage of justice and that the record was "remarkably brief" on the subject of their financial status. In addition, the court noted the availability of legal aid societies to assist persons in genuine need. The principles involved in *Hunt* v. *Hackett* do not apply here. Although a court does not have the duty to appoint counsel for indigent civil litigants, it does have the duty to appoint an interpreter whenever it determines that one is necessary regardless of indigency.

4. The judgment improperly grants relief to all non-English-speaking litigants.

In their closing brief, respondents contend that the judgment improperly grants relief to all non-English-speaking litigants although plaintiffs only purported to represent the class of non-English-speaking indigent defendants whose primary language is Spanish. In general, points raised in a closing brief for the first time will not be considered on appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 442, p. 4405.) However, it does appear that there is a serious error in the judgment as it purports to apply to all non-English-speaking litigants regardless of indigency. Insofar as the judgment appears to permit the court to appoint an interpreter free of charge to nonindigent litigants, it is in error as outside the issues presented. The findings of fact and conclusions of law suggest that the judgment was intended to apply only to indigent litigants. Insofar as the judgment purports to apply to non-English-speaking persons whose primary language is a language other than Spanish and who are appearing in forma pauperis it appears that the judgment is not beyond the issues raised before the superior court.

The trial court is hereby directed to modify the judgment to apply only to non-English-speaking persons acting in forma pauperis. As so modified the judgment is affirmed. Each party shall bear its own costs.

Sims, Acting P. J., and Elkington, J., concurred.

A petition for a rehearing was denied July 16, 1976, and the petition of the plaintiffs and appellants for a hearing by the Supreme Court was denied August 18, 1976.