*971
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of use of counterfeit coins. NRS 465.080(2). The district court sentenced appellant to serve a term of five years in the Nevada State Prison.
 
 [1]
 

 On appeal, appellant contends that he was entitled to an interpreter pursuant to NRS 50.051 and NRS 50.050(l)(a). Appellant argues that the district court’s failure to appoint an interpreter pursuant to those statutes violated his right to due process.
 

 NRS 50.051 provides;
 

 50.051 Interpreters for handicapped persons: Appointment required in criminal proceedings. An interpreter must be appointed at public expense for a handicapped person who is a party to or a witness in a criminal proceeding.
 

 NRS 50.050(1) provides in part:
 

 (a) “Handicapped person” means a person who, because he is deaf, mute or has a physical speaking impairment, cannot readily understand or communicate in the English language or cannot understand the proceedings.
 

 Appellant’s contention is without merit. Appellant does not contend, nor does the record indicate, that appellant is either “deaf’ or “mute” or that he “has a physical speaking impairment.” Appellant is therefore not a “handicapped person” for the purposes of NRS 50.051 and had no right to an interpreter under that statute.
 

 A criminal defendant has a due process right to an interpreter at all crucial stages of the criminal process, irrespective of NRS 50.051, if that defendant in fact does not understand the English language.
 
 See
 
 United States ex rel. Negron v. State of New York, 434 F.2d 386 (2d Cir. 1970); State v. Hansen, 705 P.2d 466 (Ariz. Ct. App. 1985); Parra v. Page, 430 P.2d 834 (Okla. Crim.
 
 *972
 
 App. 1967). Handicapped or not, a criminal defendant who cannot understand the proceedings going on around him cannot adequately assist in his defense and has not received due process of law. He or she might as well have been tried in his or her absence. In the instant case, the district court did not abuse its discretion in determining that The Thanh Ton was sufficiently fluent in the English language to understand the proceedings in a meaningful sense. Accordingly, we affirm the judgment of conviction.
 

 [1]
 

 Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.