HERMES CABALLERO, Petitioner, *v.* THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WHITE PINE, AND THE HONORABLE STEVE L. DOBRESCU, District Judge, Respondents, AND JACKIE CRAWFORD, Real Party in Interest.

No. 45114

September 20, 2007

167 P.3d 415

*Hermes Caballero*, Indian Springs, in Proper Person.

*Catherine Cortez Masto*, Attorney General, and *Joseph W. Long*, Deputy Attorney General, Carson City, for Real Party in Interest.

---

[17]NRS 213.1214.

Before the Court EN BANC.

**OPINION**

By the Court, HARDESTY, J.:

In this petition, we address an important issue regarding access to justice—we consider whether a non-English speaking litigant is

entitled to have a volunteer interpreter appointed to assist him or her in a justice court small claims proceeding. And, when no volunteer interpreter is available, we consider whether the justice court has discretion to appoint a state-registered interpreter, at public expense for indigent litigants.

The underlying case arose after petitioner, an inmate, was allegedly deprived of certain personal property by Nevada state prison employees. Petitioner filed suit in the small claims court, seeking the return of his property. At a hearing on his action, petitioner, who does not speak or understand English, asked the justice court to appoint an interpreter. The justice court concluded that it lacked authority to appoint an interpreter and dismissed the action. The district court affirmed the dismissal on appeal. Petitioner then filed an original proper person writ petition in this court.

We conclude that under both its inherent and express powers, a justice court is authorized to allow a volunteer interpreter, and when a volunteer interpreter is not available, to appoint a state-registered interpreter and to determine any compensation. Because the district court erroneously concluded that the justice court lacked authority to appoint an interpreter in the underlying small claims proceeding and did not address the justice court's failure to determine if a volunteer interpreter was available, we grant this petition.

## FACTS

In 2004, petitioner Hermes Caballero was transported by Nevada Department of Correction employees from an Arizona prison to Nevada's Ely State Prison. According to Caballero, he was informed by Nevada prison employees that his personal property would be mailed to him in Nevada from Arizona. Once in Nevada, Caballero sought the return of his possessions, only to learn that his property had allegedly been lost and would not be returned to him.[1]

Caballero, who does not speak or understand the English language, proceeded in forma pauperis and through the assistance of an inmate law clerk. After exhausting his administrative remedies, Caballero filed a proper person small claims action in the White Pine County Justice Court, Ely Township, for the return of his property. A hearing was conducted on the matter at the Ely State Prison courtroom. The documents before this court show that the following exchange took place at the hearing:

> JUSTICE COURT: Please be seated. Are you Hermes Caballero?

---

[1] Based on the documents before this court, it is not clear what personal property was missing.

MR. CABALLERO: Ya.

JUSTICE COURT: Raise your right hand (Mr. Caballero is sworn before the Court).

MR. CABALLERO: Ya.

JUSTICE COURT: State your claim.

MR. CABALLERO: I need interpreter. I need . . .

JUSTICE COURT: O.K. I can't help you. This is Small Claims, I don't give you interpreters. Civil Suits. State your claim . . . Nothing further, Mr. Caballero?

MR. CABALLERO: No.

JUSTICE COURT: O.K. Thank you. You may leave then, sir. Plaintiff has failed to state a claim on which a Judgment may be relieved [sic], case is dismissed.

The justice court then entered a written order dismissing the small claims action for failure to state a claim for relief. Also in its order, the justice court noted that Caballero needed an interpreter but that the court does not furnish interpreters.

Caballero subsequently filed an appeal in the district court. On appeal, the district court entered an order affirming the justice court's dismissal. In its order, the district court noted that Caballero is not entitled to an interpreter under NRS 50.050(2),[2] because he is not a "person with a disability" under 50.050(1)(b), which identifies a "person with a disability" as "a person who, because he is deaf, mute or has a physical speaking impairment, cannot readily understand or communicate in the English language or cannot understand the proceedings."

In his petition, Caballero insists that he is entitled to a court-appointed interpreter because he cannot "readily understand or communicate in the English language." In the alternative, Caballero suggests that the same inmate law clerk who helped him prepare his pleadings for the small claims action, and who speaks Spanish and English fluently, should have been appointed as Caballero's interpreter without any expense to the court.

## DISCUSSION

### Standards for writ relief

Although Caballero has styled his proper person petition as seeking a writ of certiorari,[3] he seeks to compel the district court

---

[2]NRS 50.050(2) provides that "[i]n all judicial proceedings in which a person with a disability appears as a witness, the court, magistrate or other person presiding over the proceedings shall appoint an interpreter to interpret the proceedings to that person and to interpret the testimony of that person to the court, magistrate or other person presiding."

[3]NRS 34.020(2) (providing that a writ of certiorari may issue to arrest proceedings that exceed an inferior tribunal's jurisdiction, when there is no appeal, or any plain, speedy and adequate remedy).

to require the justice court to appoint an interpreter under a pertinent justice court rule,[4] and thus, he seeks mandamus relief.[5] Consequently, even though Caballero has requested a writ of certiorari, we elect to treat this petition as seeking relief in mandamus.[6]

Mandamus is an extraordinary remedy, and whether such a petition will be considered is solely within our discretion.[7] A writ of mandamus is available to compel the performance of an act that the law requires or to control a manifest abuse or an arbitrary or capricious exercise of discretion.[8] If petitioner has a plain, speedy, and adequate legal remedy, a writ of mandamus will not issue.[9] In this case, the petition is proper because the district court has final appellate authority over cases arising in justice court;[10] thus, Caballero has no right of appeal to this court and may seek relief only through a writ petition.[11] Accordingly, we have determined to exercise our discretion and consider this petition.

*Authority to appoint interpreters in small claims court*

In his petition, Caballero contends that he was entitled to a court-appointed interpreter under NRS 50.050 because he cannot speak or understand the English language. Caballero further contends that had the justice court inquired as to his need for an interpreter, rather than summarily dismissing his action on the basis that Caballero could not speak English, the justice court would have learned that the bilingual inmate law clerk, who is fluent in Spanish and English, and who had assisted Caballero throughout the proceedings, was available to interpret for Caballero in the small claims action without compensation.[12] Real party in interest,

---

[4]JCRCP 43(f).

[5]NRS 34.160.

[6]*See Harvey L. Lerer, Inc. v. District Court*, 111 Nev. 1165, 1166 n.1, 901 P.2d 643, 644 n.1 (1995).

[7]*Smith v. District Court*, 107 Nev. 674, 818 P.2d 849 (1991).

[8]*See* NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 637 P.2d 534 (1981).

[9]NRS 34.170.

[10]Nev. Const. art. 6, § 6; *see* JCRCP 98.

[11]*See City of Las Vegas v. Carver*, 92 Nev. 198, 547 P.2d 688 (1976) (holding that because this court has no jurisdiction for appellate review of a district court judgment entered on appeal from municipal court, an aggrieved party's only remedy would be a timely petition for writ of certiorari).

[12]Caballero also argues that the justice court's failure to appoint him an interpreter violated his due process right to access the courts. Since we resolve this petition based on the justice court rule, we decline to address Caballero's constitutional issue. *See Brewery Arts Ctr. v. State Bd. Examiners*, 108 Nev. 1050, 1055, 843 P.2d 369, 373 (1992) (stating that this court will not decide a constitutional issue unless necessary to the determination of the case).

Jackie Crawford,[13] contends that the court had no duty to appoint Caballero an interpreter because he did not claim to be disabled.

### An interpreter was not required to be appointed under NRS 50.050

With regard to the appointment of an interpreter for a disabled witness, NRS 50.050 provides that an interpreter must be appointed for "a person who, because he is deaf, mute or has a physical speaking impairment, cannot readily understand or communicate in the English language or cannot understand the proceedings."[14] Here, the district court found that Caballero is not disabled, as defined under the statute, and thus, that he is not entitled to an interpreter. Caballero insists that he "cannot readily understand or communicate in the English language."

Caballero only relies on a portion of the statutory language to support his contention. But read as a whole, NRS 50.050 makes clear that when a witness, "because" of his or her disability, "cannot readily understand or communicate in the English language or cannot understand the proceedings," a court must appoint an interpreter.[15] The statute's plain language supports the district court's conclusion that, since Caballero is not deaf, mute, or experiencing some other physical speaking impairment, which precludes him from speaking or understanding the English language, he is not entitled to an interpreter under NRS 50.050.[16]

### The justice court had both inherent and express authority to appoint an interpreter

Although Caballero does not meet the statutory criteria of NRS 50.050, mandating the appointment of an interpreter, the justice court nevertheless had discretion, under both its inherent authority and express authority—in the form of a specific justice court rule—to appoint Caballero an interpreter in small claims court.

---

[13]Since this petition was filed, Director Crawford has resigned and a new director has been appointed.

[14]NRS 50.050(1)(b) (defining "person with a disability"); NRS 50.050(2) (mandating the appointment of an interpreter for a "person with a disability"). We further note that in criminal proceedings, a defendant may have a due process right to an interpreter if he or she does not speak or understand the English language. *See Ton v. State,* 110 Nev. 970, 971, 878 P.2d 986, 987 (1994).

[15]NRS 50.050(1)(b); NRS 50.050(2).

[16]*See McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986) (recognizing that when the language of a statute is clear and unambiguous, the apparent intent must be given effect, as no room for construction exists).

### Inherent authority

As recognized by the California Court of Appeal in *Gardiana v. Small Claims Court In & For San Leandro-Hayward, Etcetera*,[17] courts have inherent power to appoint interpreters when the administration of justice so requires. And though the *Gardiana* court acknowledged that in appointing an interpreter, the court may utilize the services of an uncompensated volunteer who is qualified to serve, the court also determined that courts have the inherent power to appoint a certified interpreter free of charge to indigent civil litigants. As the court noted, a contrary conclusion "would have 'the practical effect of restricting an indigent's access to the courts because of his poverty [and would contravene] the fundamental notions of equality and fairness which since the earliest days of the common law have found expression in the right to proceed in forma pauperis.' "[18] Thus, even in the absence of an applicable rule or statute, courts are vested with the inherent authority in civil proceedings to appoint either qualified volunteer interpreters or state-registered interpreters.[19]

### Express authority

In addition to its inherent authority, the justice court was expressly authorized under JCRCP 43(f), to "appoint an interpreter of its own selection and [to] fix the interpreter's reasonable compensation."[20] This clear and unambiguous language empowers a justice court to appoint a volunteer or state-registered interpreter and to determine any compensation.

## Exercise of judicial discretion in appointing interpreters

### Preliminary considerations

Before discussing the considerations that a justice court must make in appointing an interpreter in a given situation, we first address several preliminary concerns that pertain to the appointment of an interpreter generally. Notably, Nevada's population has grown and diversified in recent years, and this trend is expected to con-

---

[17]130 Cal. Rptr. 675, 680-81 (Ct. App. 1976).

[18]*Id.* at 682 (quoting *Isrin v. Superior Court of Los Angeles County*, 403 P.2d 728, 736 (Cal. 1965)).

[19]*See Halverson v. Hardcastle*, 123 Nev. 245, 261, 163 P.3d 428, 440 (2007) (discussing the judiciary's inherent authority to make rules and carry out incidental powers); *see also Whitlock v. Salmon*, 104 Nev. 24, 26, 752 P.2d 210, 211 (1988) (observing that the judiciary "has the inherent power to govern its own procedures").

[20]*Cf.* NRCP 43(d) (applying same standards to district court).

tinue.[21] This population growth corresponds with an increase in non-English speaking litigants appearing in both civil and criminal actions in Nevada.[22] Nevada courts have a duty to oversee and conduct judicial proceedings with fairness and impartiality for all parties, whether English-speaking or non-English speaking.[23]

And small claims proceedings, by their very nature, raise elemental concerns with a litigant's ability to communicate orally. As pointed out by the California Supreme Court in *Jara v. Municipal Court For San Antonio, Etcetera*,[24] small claims courts are designed to be informal and are based upon the parties' participation:

> [The small claims] court functions informally and expeditiously. . . . The awards, while made in accordance with substantive law, result from common sense. The spirit of compromise and conciliation attends the proceedings, requiring participant comprehension. The parties are usually their own witnesses and frequently the only ones. It is apparent that unless the non-English speaking party has an interpreter he is effectively barred from access to the small claims proceeding.

Because small claims court proceedings are informal and involve the spoken language to resolve conflicts between the parties, rather

---

[21]According to a 2006 Nevada State Demographer's Office report, in 2005, the state's Hispanic population was 585,326, and that population is projected to grow to 856,778 by 2011, and to 1,457,441 by 2026. Nevada's Asia or Pacific Islander population was 159,363 in 2005, and is projected to grow to 226,306 by 2011, and to 332,122 by 2026. *See* Nev. State Demographer's Office, *Age Sex Race and Hispanic Origin Estimates From 2000 to 2005 and Projections From 2006 to 2026 for Nevada and Its Counties* (2006). We take judicial notice of the population information and estimates prepared by the State Demographer's office. *See* NRS 47.130(2)(b) (providing that this court may take judicial notice of facts that are "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute").

[22]The Eighth Judicial District Court's Interpreters' Office prepares a monthly report compiling statistics concerning interpretive services requested in the Eighth Judicial District. The report shows that between January 2007 and July 2007, the request for interpretive services in Nevada's largest county, Clark County, for the district court, juvenile court, family court, as well as the district attorney and public defender offices, was 32,779. Of these requests, 30,947 were for Spanish language interpreters; 314 were for sign language; 297 were for Chinese; 196 were for Tagalog; 148 were for Korean; 115 were for Vietnamese; and 762 were for "other" languages. During the same months in 2006, the total request for interpretive services was 27,565. We take judicial note of the statistics compiled by the Eighth Judicial District Court. *See* NRS 47.130(2)(b) (judicial notice).

[23]*See Duckett v. State*, 104 Nev. 6, 12, 752 P.2d 752, 756 (1988) ("'Firmly embedded in our tradition of evenhanded justice . . . is the concept that the trial judge must, at all times, be and remain impartial.'" (quoting *Kinna v. State*, 84 Nev. 642, 647, 447 P.2d 32, 35 (1968))).

[24]578 P.2d 94, 96 (Cal. 1978) (citations omitted).

than relying on counsel representation,[25] a particular concern arises when a non-English speaking litigant lacks an interpreter's assistance: "[a]lthough the small claims court functions successfully without lawyers, pleadings, legal rules of evidence, juries, and formal findings, it cannot function without the use of language."[26] This heightened need for ready and accurate oral communications in small claims proceedings is echoed in other types of cases in which the parties are self-represented. Such a need is not present, however, when non-English speaking parties are represented by counsel. In those instances, counsel is fully able to speak for them during court proceedings.[27]

*Justice court considerations in appointing an interpreter*

When a justice court is considering whether and how to appoint an interpreter for a party, the court should consider the following three factors: (1) the party's knowledge of and ability to communicate in English; (2) whether a competent volunteer interpreter is available; and (3) if a volunteer interpreter is not available, whether a state-registered interpreter is needed to ensure that the proceedings are meaningful.

As a threshold matter, the justice court must determine the extent to which the party seeking an interpreter speaks and/or understands the English language. Depending upon the language barrier, the party may be able to proceed without an interpreter, in which case the court may decline to appoint an interpreter. When the party cannot, however, speak or understand English to the extent that he or she is unable to meaningfully participate in the proceedings, an interpreter is needed.

Initially, the court should encourage the party to secure his or her own competent volunteer interpreter.[28] In the absence of a volunteer interpreter, and after exhausting reasonable efforts to secure a volunteer interpreter, the court may appoint a state-registered

---

[25]*See Cheung v. Dist. Ct.*, 121 Nev. 867, 869, 124 P.3d 550, 552 (2005) (recognizing that "small claims trials are intended to be 'informal, with the sole object of dispensing fair and speedy justice between the parties'" (citation omitted)). Typically, small claims litigants represent themselves. Attorney fees are not available in small claims court, NRS 73.040, and this lack of fees "discourage[s] attorneys from appearing," *Snyder v. York*, 115 Nev. 327, 330, 988 P.2d 793, 795 (1999).

[26]*Gardiana*, 130 Cal. Rptr. at 681.

[27]*See Jara v. Municipal Court for San Antonio, Etc.*, 578 P.2d 94 (Cal. 1978) (upholding the appointment of an interpreter in the small claims context, but declining to do the same for represented, indigent civil litigants in the municipal court).

[28]The Nevada Legislature recently made a number of changes to NRS Chapters 65 and 50 concerning certification and definitions that are effective October 1, 2008. Relevant to this petition, NRS Chapter 50 has been amended to include the following new section:

interpreter and determine any compensation.[29] In the case of an indigent party, the state-registered interpreter may be compensated from public funds when necessary.

Thus, as the justice court has the discretion to permit a volunteer interpreter to assist a small claims litigant and, further, to appoint a registered interpreter when a volunteer is unavailable, the justice court, in Caballero's case, improperly determined that it could not appoint him an interpreter in the small claims action, and the district court erred in affirming this order.

## CONCLUSION

In sum, the district court properly determined that, under NRS 50.050(1)(b), Caballero is not disabled and, therefore, is not entitled to an interpreter in his small claims action under NRS 50.050(2). Nevertheless, under both its inherent authority and JCRCP 43(f), a justice court can appoint an interpreter. Because of the nature of small claims proceedings, it is reasonable for a justice court, in appropriate circumstances and within its discretion, to first attempt to allow a volunteer interpreter, and if one is not available, to consider appointing a registered interpreter and fix any compensation.

Accordingly, we grant the petition. The clerk of this court shall issue a writ of mandamus directing the district court to vacate its order affirming the justice court's order and to remand the matter to the Ely Township Justice Court so that it may consider allowing a volunteer interpreter or appointing a state registered interpreter, consistent with this opinion, to assist Caballero in the small claims proceedings.

MAUPIN, C. J., GIBBONS, PARRAGUIRRE, DOUGLAS, CHERRY and SAITTA, JJ., concur.

---

If a registered legal interpreter cannot be found or is otherwise unavailable, or if the appointment of a registered legal interpreter will cause a substantial delay in the proceeding, the court, magistrate or other person presiding over the proceeding may, after making a finding to that effect and conducting a voir dire examination of prospective interpreters, appoint a registered interpreter or any other interpreter that the court, magistrate or other person presiding over the proceeding determines is readily able to communicate with the person with a communications disability, translate the proceeding for him, and accurately repeat and translate the statements of the person with a communications disability to the court, magistrate or other person presiding over the proceeding.

2007 Nev. Stat., ch. 65, § 26, at 167-68. Moreover, NRS 50.050(1)(a)(3) has been amended to include in the definition of "interpreter" a "[p]erson who is appointed as an interpreter pursuant to subsection 2 of section 26 of this act." *Id.* § 27, at 168. These amendments suggest that the Legislature recognizes that there are times when a registered interpreter will not be available and that a court may appoint a layperson to interpret in a particular proceeding.

[29]JCRCP 43(f); NRS 73.030(1).