[Civ. No. 7023. Second Appellate District, Division One.—March 25, 1930.]

TOMMIE C. RUCKER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

684

M. H. Broyles for Petitioners.

Everett W. Mattoon, County Counsel, for Respondent.

CONREY, P. J.—Petitioners, Rucker and wife, have appealed to the Supreme Court of California from a judgment rendered against them as defendants in·an action for the quieting of title to certain real property.  After serving and filing their notice of appeal petitioners applied to the Superior Court by motion for an order allowing them to perfect their appeal *in forma pauperis*, and particularly for an order that the clerk of the Superior Court furnish to appel-

lants, without cost, the necessary clerk's transcript on appeal and that the court reporter who acted as such reporter at the trial of the action, furnish to appellants a reporter's transcript of the proceedings of the trial, also without cost to appellant. The motion was supported by affidavits of facts tending to prove that appellants were in a condition of poverty and were unable to pay in advance the costs on appeal. The judge to whom said application was made denied the motion "upon the ground that the above-entitled cases have been duly and regularly tried in above court, and judgments adverse to defendants (petitioners herein) have been duly filed, docketed and entered therein, and upon the further ground that this court is without jurisdiction to grant the relief prayed for."

In *Martin* v. *Superior Court*, 176 Cal. 289 [L. R. A. 1918B, 313, 168 Pac. 135], the right of a Superior Court to authorize the prosecution of an action *in forma pauperis* in that court was sustained. The ruling there made was based upon the rights of the courts of common law to admit to sue *in forma pauperis,* such poor persons as had not ability to pay the expenses incidental to the prosecution of actions to enforce their rights. It is not shown that this right extended to appeals or writs of error. ■ The right of appeal is a creature of written law, and finds its authority in the Constitution and statutes of the state. (*Gale* v. *Tuolumne County Water Co.,* 169 Cal. 46, 52 [145 Pac. 532].) ■ The right to sue or defend *in forma pauperis* is of such nature that unless it is carefully guarded it is most susceptible of abuse. Therefore if allowed at all it should be regulated with the utmost care. (*Majors* v. *Superior Court,* 181 Cal. 270, 280 [6 A. L. R. 1274, 184 Pac. 18].) ■ In the present case it appears that if the official reporter is paid compensation at the rate allowed by law for furnishing the demanded transcript the estimated cost thereof will exceed $100. There is no legal mode of requiring payment therefor out of the public treasury. If the reporter can be compelled to perform this service in this case without compensation he would be under a like compulsory burden at the instance of the next litigant who is unable to pay, even though the value of the service runs to a very much larger sum. And all of this would be in the face of the statute which declares that "No reporter must be required to perform any service in a civil case until

his fees therefor have been paid to him or deposited with the clerk of the court." (Sec. 274, Code Civ. Proc.)

Apparently there has been no formal expression of opinion on this question, in the decisions of the Supreme Court. In the case of *Brandow* v. *Superior Court,* L. A. No. 11606, the petitioner, claiming the rights of a pauper litigant, applied to the Supreme Court for writ of mandate to require the Superior Court to allow the preparation of an appeal without payment of costs by the appellant. This demand included the furnishing of a stenographic reporter's transcript without payment therefor by appellant. The petition for the writ of mandate was denied, by order of date June 10, 1929. We infer from such denial that the justices of the Supreme Court were of the opinion that in the absence of any other provision by statute for the payment of the expenses of a reporter's transcript as part of the record on appeal, such expenses would have to be paid by the appealing party, and that there is no exception to this rule.

It should be noted in connection with this matter of expenses of the reporter's transcript that appellants were not without an alternative remedy of which they could have availed themselves without a reporter's transcript. The reporter's transcript provided for by section 953a of the Code of Civil Procedure is allowed at the election of the party "in lieu of preparing and settling a bill of exceptions." It is quite possible to prepare a bill of exceptions without the expense of a reporter's transcript. In times past this has often been done.

The alternative writ is discharged, and the petition for peremptory writ is denied.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1930, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1930.