Opinion
ROUSE, J.
Petitioner has made application for a writ of prohibition/ mandate, with due notice to real party in interest. Real party in interest has filed opposition to the petition. We have determined that an *99 alternative writ or order to show cause would add nothing to the full presentation already made, and that, in light of the circumstances, a peremptory writ is proper. (Code Civ. Proc., § 1088; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, p. 3919; Goodenough v. Superior Court (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)
The record shows that real party sought judicial review of a decision of the Board of Medical Quality Assurance (formerly the State Board of Medical Examiners) by administrative mandamus. That decision ordered that the license authorizing real party to practice medicine and surgery in the State of California be revoked effective August 19, 1976. On December 10, 1976, on real party’s application to proceed in forma pauperis, the court ordered that “the Administrative Hearings Recorder and the Court Recorder prepare transcripts of hearings conducted on May 25 and 26 in the above matter....”
On February 25, 1977, petitioner moved to vacate the order of December 10, 1976, on the ground that the court was not authorized to order that a transcript be prepared for an indigent at the expense of a public agency, citing Civil Service Commission v. Superior Court (1976) 63 Cal.App.3d 627 [133 Cal.Rptr. 825]. On March 16, 1977, respondent court denied the motion and ordered that petitioner provide real party with a transcript of the administrative record of his hearing before the Board of Medical Examiners held May 25 and 26, 1976, wherein real party’s physician’s and surgeon’s license No. A-21231 was revoked. On April 12, 1977, petitioner made application for this writ.
In Civil Service Commission v. Superior Court, supra, at page 632, the court held that the trial court was without power to order that an indigent person seeking judicial review of an administrative decision be supplied with a copy of the administrative hearing prepared at the agency’s expense. Decisions of every division of the Courts of Appeal are binding upon and must be followed by all superior courts of this state, “Otherwise, the doctrine of stare decisis makes no sense.” (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Respondent court’s order was clearly in excess of its jurisdiction.
Let a peremptory writ of mandate issue directing respondent court to set aside its order of March 16, 1977, which requires that petitioner *100 provide real party with a transcript of the administrative record of his hearing.
Taylor, P. J., and Kane, J., concurred.
A petition for a rehearing was denied June 24, 1977, and the petition of the real party in interest for a hearing by the Supreme Court was denied July 21, 1977. Bird, C. J. did not participate therein.