[Civ. No. 19491. Third Dist. Nov. 26, 1980.]

CITY OF SACRAMENTO et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
RONILE LAMBERT, Real Party in Interest.

COUNSEL

James P. Jackson, City Attorney, and Stephen B. Nocita, Deputy City Attorney, for Petitioners.

No appearance for Respondent.

Melvyn J. Coben for Real Party in Interest.

OPINION

EVANS, J.—In *Leslie* v. *Roe* (1974) 41 Cal.App.3d 104 [116 Cal.Rptr. 386] (hg. den.), the court held that indigency does not entitle a party in a civil action to a transcript prepared at public expense to assist in the

appeal of an adverse decision. That principle was followed in *Civil Service Commission* v. *Superior Court* (*Price*) (1976) 63 Cal.App.3d 627 [133 Cal.Rptr. 825] (hg. den.) where the court, faced with a factual context identical to the instant proceeding, held that a court reviewing an administrative decision "is without power to order that an indigent person seeking judicial review of the administrative proceeding involving an economic interest be supplied with a transcript of the proceedings at the expense of the agency." (P. 629.)

In *Department of Consumer Affairs* v. *Superior Court* (1977) 71 Cal.App.3d 97 [139 Cal.Rptr. 120], the court followed the holding in *Civil Service Commission, supra*, 63 Cal.App.3d 627, and reversed a trial court order directing "'the Administrative Hearings Recorder and the Court Recorder prepare transcripts of hearings conducted on May 25 and 26 in the above matter. . . .'" (P. 99.) The court, relying on *Civil Service Commission, supra*, stated, "the trial court was without power to order that an indigent person seeking judicial review of an administrative decision be supplied with a copy of the administrative hearing prepared at the agency's expense." (P. 99.)

In this instance, upon petition of real party in interest Lambert, the trial court order directed, "[R]espondents. . . to provide the petitioner with a copy of the transcript of the administrative proceedings had below at no cost to petitioner." That order duplicates those reversed in *Civil Service Commission, supra*, and *Department of Consumer Affairs, supra*, and must likewise be reversed.

Lambert relies upon *Woodard* v. *Personnel Commission* (1979) 89 Cal.App.3d 552 [152 Cal.Rptr. 658], in his quest for a free transcript of the administrative hearing. His reliance is misplaced. In *Woodard* the trial court in the first instance denied the petition for a free transcript of the administrative proceedings; the indigent then proposed to proceed upon a settled statement. At that point the agency refused to cooperate and advised the trial court that there was a need for the entire record, including the transcript itself, before proper judicial review could be undertaken. The trial court then denied relief to the petitioner (Woodard).

The court in *Woodard* recognized a fundamental difference between the facts presented in *Civil Service Commission* v. *Superior Court, supra*, 63 Cal.App.3d 627, and those it faced. It stated, "that even though

the court did not have the power to initially order a transcript for Woodard (as it recognized in denying his request for such prior to trial), once the true posture of the case became apparent at trial, a continuance in order to allow the agency to have the transcript prepared and *filed with the court* was not only possible, but apparently necessary. At the very least, the tapes should have been placed in evidence and the contents reviewed by the judge." (Italics ours.) (89 Cal.App.3d at p. 561.)

Moreover, to the extent the decision in *Woodard* v. *Personnel Commission, supra*, 89 Cal.App.3d 552, implies that in a civil administrative proceeding involving economic interests rather than personal liberties, free transcripts of the administrative hearing must be provided indigents, we consider it to be wrong and in conflict with consistent judicial conclusions to the contrary.

Justice Hanson, in a thorough and well-reasoned concurring and dissenting opinion in *Civil Service Commission* v. *Superior Court, supra*, 63 Cal.App.3d at pages 632-647, sets forth the reason and justification for the rule and its application. We concur with his analysis and hold that the indigent is not entitled to a free transcript of the proceeding at the administrative hearing.

In the present instance the agency has not refused to cooperate in the preparation of a settled statement nor does it refuse to present to the court for its review any available tapes of the proceeding.

A review of the record reveals that Lambert has been afforded the essentials of due process in regard to notice, opportunity to be heard, and a fair hearing.

Lambert was employed by the City of Sacramento as an equipment mechanic for 16 years. He applied for industrial disability (service-connected) retirement benefits which were denied by the manager of the retirement system who found that the medical reports did not clearly indicate Lambert was physically disabled. He appealed and subsequently retired from city employment under ordinary (nonservice-connected) disability retirement.

A hearing was held before an administrative law judge at which Lambert was represented by counsel. The administrative law judge

found the dispositive issue to be whether Lambert's disability was service-connected; he concluded the evidence did not establish that Lambert suffered a disability injury on June 24, 1975, or that his disability was service-connected.

The commission conducted a hearing which included a review of exhibits and the transcript of the hearing before the administrative law judge, and receipt of oral and written argument by counsel. The commission adopted the essential findings of the administrative law judge and affirmed the denial of the benefits sought.

Counsel for real party has suggested that because the agency has a transcript, it would cost little or nothing more for the agency to provide him with a free copy. In light of the express language of the city code, the argument is specious if not frivolous.

The City of Sacramento has not proceeded pursuant to Code of Civil Procedure section 1094.6, subdivision (g), which provides, "This section shall be applicable in a local agency only if the governing board thereof adopts an ordinance or resolution making this section applicable. If such ordinance or resolution is adopted, the provisions of this section shall prevail over any conflicting provision in any otherwise applicable law relating to the subject matter." It has, however, adopted time requirements for pursuit of judicial review of an administrative proceeding. Sacramento City Code section 34.1411 provides, "Any judicial action taken by the applicant to set aside, annul or vacate any decision, finding, or action taken by the commission pursuant to the provisions of this Chapter, shall be filed within the time limits prescribed in California Code of Civil Procedure Sec. 1094.6." We conclude that use of the time requirements specified in Code of Civil Procedure section 1094.6 for judicial review does not equate with adoption of all provisions of that section. Moreover, our conclusion is fortified by the provisions of Sacramento City Code section 34.1409 which is couched in mandatory language as contrasted to the permissive or discretionary language contained in Code of Civil Procedure section 1094.6 pertaining to recovery of the cost of preparation of the administrative hearing transcript. Section 34.1409, subdivision (b) 2, provides, "(b) The commission, after reviewing the record, the proposed findings of fact and proposed decision, and taking such additional evidence as may be necessary, may adopt, modify or reject the proposed findings of fact and proposed decision.

"As used herein, the 'record' shall include all written and physical evidence which was introduced and accepted into evidence before the hearing officer and in addition thereto shall include any of the following:

"       .    .    .    .    .    .    .    .    .    .    .    .    .

"2. A transcription of the tape recording to be prepared at the expense of the party requesting the transcription; . . ."[1]

Real party in interest is entitled to a transcript of the proceeding only upon complying with the provisions of city code section 34.1409 following its demand for payment. His declaration of indigency does not affect the requirement of that section. (See *Civil Service Commission* v. *Superior Court,* supra, 63 Cal.App.3d 627.)

Finally, we note that our conclusion does not foreclose Lambert from obtaining independent judicial review of the denial of industrial disability benefits. He contends the decision is not supported by the findings, the evidence, or the law.

In lieu of a transcript of the proceedings, he may provide a summary of the evidence and the exhibits presented. (See *Woodard* v. *Personnel Commission, supra,* 89 Cal.App.3d at p. 559.)

Let a peremptory writ of mandate issue directing the superior court to vacate its order of March 13, 1980, and enter a new order denying Lambert's motion for transcript. The stay previously imposed is dissolved.

Puglia, P. J., concurred.

CARR, J., Concurring and Dissenting—I concur with the majority that real party in interest petitioner below (hereafter Lambert) is not entitled, on the present record, to a free transcript of his administrative pension proceedings. I do not agree that one seeking review of administrative proceedings is never entitled to such transcript unless the costs of preparation are paid in advance of receipt of the transcript.

I also disagree that Lambert, as stated by the majority, "has been afforded the essentials of due process in regard to notice, opportunity to

---

[1]On the court's motion, we have augmented the record on appeal to include a certified copy of sections 34.1409 through 34.1414 of the Sacramento City Code.

be heard, and a fair hearing." These are issues going to the merits of judicial review of the administrative proceedings and are not before us on this petition for "prohibition and mandate." The sole issue before this court in this proceeding is whether Lambert is entitled to a transcript of the administrative proceedings, either at no cost or without prepayment of the cost of preparation.

In the trial court[1] and in briefing before this court, Lambert asserted he was entitled to a free transcript at the expense of the public agencies because of his indigency and his need to file such a transcript to withstand any further demurrer by the public agencies.[2] In oral argument before this court, Lambert conceded the transcript costs could be assessed against him by the court at some future time but that he was entitled to have the transcript without advance payment of such costs.

An examination of the procedural steps herein discloses the transcript request was initiated by Lambert with a "Request for Record" pursuant to Code of Civil Procedure section 1094.6.[3] Petitioners, without more, ordered the proceedings be transcribed, then demanded payment of the $428.20 transcription costs as a prerequisite of delivery of the transcripts. Section 1094.6, subdivision (c) provides the complete record of the proceedings "*shall* be prepared by the local agency" and "*shall* be delivered to the petitioner within 90 days after he has filed a written request therefor." Further, that the "local agency *may* recover from the petitioner its actual costs for transcribing or otherwise preparing the record." (Italics added.) If petitioners herein were proceeding pursuant to section 1094.6, they were obligated to deliver the transcript to Lambert within 90 days and thereafter seek their costs from the court. This interpretation is mandated by the mandatory "shall" in the preparation and delivery portions of section 1094.6, subdivision (c) and the permissive "may" in the payment portion.

However, section 1094.6, subdivision (g) provides the section shall be applicable to a local agency only if the governing body thereof by ordi-

---

[1] The trial court's order provides the transcript shall be "at no cost to [Lambert]."

[2] Without a transcript of the administrative proceedings, Lambert was unable to plead the necessary facts to demonstrate the administrative agency had abused its discretion. The trial court treating a "motion for judgment on the pleadings" as a general demurrer sustained the demurrer with leave to amend on the ground that a transcript was not attached to the petition for mandate filed in the lower court.

[3] Unless otherwise indicated, all code references are to the Code of Civil Procedure.

nance or resolution adopts the provisions. It did not appear from the record whether such adoption had occurred. This court ordered the record augmented by any ordinances pertaining thereto. City of Sacramento adopted by ordinance the filing time provisions of section 1094.6 but not the preparation and delivery of the records provisions of 1094.6, subdivision (c).[4]

The anomaly is that petitioners assume that section 1094.6 in its entirety has been adopted by the City of Sacramento as they argue with vigor (albeit faulty reasoning) that section 1094.6, subdivision (c)[5] must be construed to require payment of costs upon delivery of the transcript to a 1094.5, subdivision (a) petitioner, not subsequent to the proceedings as a taxable cost. Any other interpretation, they contend, would render superfluous the proviso in section 1094.5, subdivision (a) that transcript costs are taxable and recoverable by the prevailing party. Petitioners misconstrue the two sections. Section 1094.5 authorizes administrative writs of mandamus for review of all final administrative orders or decisions resulting from a proceeding, in which by law, a hearing is required at which evidence shall be taken and discretionary determination of the facts is vested in an "inferior tribunal, corporation, board or officer." Section 1094.6 expressly applies only to local agencies.[6] The period for filing a petition for review is 90 days as opposed to the 30-day period prescribed by Government Code section 11523 for state actions. Section 11523 expressly provides for payment by petitioner below of the costs of preparation of the record prior to delivery thereof. Construing the two sections as applying to separate and distinct agencies, state as opposed to local, no violence is due to the accepted principles of statutory construction enunciated in *Select Base Materials v. Board of Equal.* (1959) 51 Cal.2d 640 [335 P.2d 672].

---

[4]See City of Sacramento, Ordinance No. 3921, 4th Series, section 34.1409 through section 34.1414 and particularly section 34.1411, which provides: "Any judicial action taken by the applicant to set aside, annul or vacate any decision, finding or action by the commission pursuant to the provisions of this Chapter, shall be filed within the time limits prescribed in California Code of Civil Procedure Sec. 1094.6."

[5]Petitioners erroneously cite section 1094.6, subdivision (b) as controlling on the recovery of costs. This subdivision delineates the time limits for filing a petition. Costs are provided for in section 1094.6, subdivision (c).

[6]This section was apparently enacted in response to the problem of the period of limitations for seeking review of decisions by local agencies. Government Code sections 11501 and 11523 establish a statute of limitations for certain state agencies (30 days). However, *Allen* v. *Humboldt County Board* (1963) 220 Cal.App.2d 877 [34 Cal.Rptr. 232] held Government Code section 11523 did not control review of local agency decisions which were subject to the statute of limitations for civil actions.

However, the evidence before this court on the record as augmented by the court, demonstrates that only the time requirements for judicial review were adopted by the petitioner City of Sacramento and not the preparation and delivery of records and transcript provisions. Such procedure is authorized by Government Code section 50022.2, which provides any local agency may enact any ordinance which adopts "any code by reference, in whole or in part..." On the record before us, section 1094.6, except for the time filing provisions, is not applicable to the case at bar.

The majority misconstrues the holding of *Woodard* v. *Personnel Commission* (1979) 89 Cal.App.3d 552 [152 Cal.Rptr. 658]. *Woodard* does not purport to hold that an indigent petitioner in an administrative writ procedure is entitled to a free transcript for him or herself. *Woodard* simply holds that the court, pursuant to section 1094.5, may order the local agency to prepare and file the transcript with the court, where presumably, it would be available for review by such petitioner. The *Woodard* court specifically noted that this issue had been left unresolved in *Civil Service Commission* v. *Superior Court* (1976) 63 Cal.App.3d 627 [133 Cal.Rptr. 825].

In the case at bar, if the trial court perceives it crucial that the transcript be available to the court, section 1094.5 provides authority to enable the court to order the transcript filed *with the court*, where it would be available for Lambert's use.[7] Costs would be assessed in favor of the local agency if it were the prevailing party. I would reverse the judgment and remand the case to the trial court for proceedings consistent with the views expressed herein.

---

[7]This procedure comports with the Supreme Court's interpretation of *Woodard, supra*, in the recent case of *Darley* v. *Ward* (1980) 28 Cal.3d 257, at pages 261-262 [168 Cal.Rptr. 481, 617 P.2d 1113], wherein the court stated: "*Woodard* v. *Personnel Commission, supra* [citation], held that an indigent petitioner's mandamus remedy cannot be foreclosed simply because the agency contends that review is impossible without stipulated facts or a full hearing record. In such cases the agency may be compelled to cooperate in providing one or the other."